## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ROBERT WILLIAM GRAFTON,

     Plaintiff,

-vs-                         CASE NO.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and PROCOLLECT, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROBERT WILLIAM GRAFTON (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and PROCOLLECT, INC. (hereinafter "ProCollect") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Osceola County, Florida; Defendants transact business within this District; and a substantial portion of the violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     ProCollect is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Florida through its registered agent, Registered Agent Solutions, Inc., located at 2894 Remington Green Lane, Suite A, Tallahassee, Florida 32308.

17.     ProCollect is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

18.     ProCollect furnished information about Plaintiff to Equifax and Experian which was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to ProCollect, partial account number ending in x0571, as to a collection account on behalf of original creditor, ON50 Apartments Michaels (hereinafter "ProCollect Account"). Plaintiff does not have a lease with ON50 Apartments Michaels and never applied or gave permission to anyone to apply using his information for a lease with ON50 Apartments Michaels.

20.     Recently when monitoring his credit file, Plaintiff observed a decrease in his credit score and upon review of his credit report, became aware of the ProCollect Account.

21.     In or about April 2024, Plaintiff contacted Equifax and Experian via telephone regarding the ProCollect Account which did not belong to him.

22.     On or about May 1, 2024, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff observed the erroneous and fraudulent ProCollect Account was reported with a balance of $8,061.

23.    On or about May 14, 2024, Plaintiff received dispute results as to his telephonic dispute from Equifax which stated the ProCollect Account was verified as accurate and updated to an increased balance of $8,126.

24.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

25.    Equifax never attempted to contact Plaintiff during the alleged investigation.

26.    Upon information and belief, Equifax notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

27.    Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report Plaintiff observed the ProCollect Account continued to be reported with a comment which stated, "Account information disputed by consumer (meets requirement of the FCRA)".

28.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.    Experian never attempted to contact Plaintiff during the alleged investigation.

30.     Upon information and belief, Experian notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

31.     On or about May 16, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 172859867. In this report, he explained that he was a victim of identity theft, and that the fraudulent ProCollect Account was listed in his credit report.

32.     On or about May 23, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Experian regarding the inaccurate reporting. In the letter, Plaintiff explained he was a victim of identity theft and requested a copy of his credit report. Further, Plaintiff explained that the ProCollect Account was fraudulent and did not belong to him. In the letter, Plaintiff included an image of his driver's license as proof of identity. Plaintiff also included images of the erroneous reporting and images of his filed FTC Identity Theft Report.

33.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 4176 1707 97) and Experian (9407 1112 0620 4176 1465 32).

34.     On or about May 31, 2024, Plaintiff received a response from Equifax stating it would not be blocking his information and requested additional proofs of identification despite Plaintiff having provided his current driver's license. Accordingly, on or about June 8, 2024, Plaintiff mailed to Equifax the requested additional proof of identification.

35.     On or about June 13, 2024, Plaintiff received a response from Equifax regarding remedying identity theft.

36.     Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax. However, upon review of his updated Equifax credit report, Plaintiff was relieved to observe the ProCollect Account was no longer appearing in his credit report.

37.     On or about June 26, 2024, Plaintiff received a response from Experian which stated that the ProCollect Account was deleted from his credit file.

38.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

      ii.    Loss of time attempting to cure the error(s);

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s); and

iv.   Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

39.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

40.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41.   Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

42.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

9

43. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

44. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

45. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

46. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

48.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

49.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50.     Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

51.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

53.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

54.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

11

lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT III
**Violation of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Negligent)**

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

58.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

59.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

60.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

61.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

62.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

64.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

65.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

66.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

67.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

68.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

73.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

74.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

75.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Willful)**

78.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

80.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

81.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

82.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

86.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Experian allowed for a Furnisher to report an inaccurate and erroneous accounts to Plaintiff's credit file.

88.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

89.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

90.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

91.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

94.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

95.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

96.     Experian allowed for a Furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

97.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

98.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

99.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

100.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

103.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

104.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

22

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

105.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

106.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

107.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

109.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

110.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

111.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

112.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

113.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

114.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

115.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, ProCollect, Inc. (Negligent)

117.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

118.   ProCollect furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

119.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

120.   Plaintiff provided all the relevant information and documents necessary for ProCollect to have identified that the account was fraudulent.

121.   ProCollect did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ProCollect by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

122.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

123.   As a direct result of this conduct, action and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and inaction of ProCollect was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from ProCollect in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual damages against Defendant, PROCOLLECT, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT XII
**Violation of 15 U.S.C. § 1681s-2(b) as to
Defendant, ProCollect, Inc. (Willful)**

126.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

127.   ProCollect furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

128.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

129.   Plaintiff provided all the relevant information and documents necessary for ProCollect to have identified that the account was fraudulent.

130.   ProCollect did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ProCollect by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

131.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

132.   As a direct result of this conduct, action and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

133.  The conduct, action, and inaction of ProCollect was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

134.  Plaintiff is entitled to recover costs and attorney's fees from ProCollect in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PROCOLLECT, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT WILLIAM GRAFTON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES

LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and PROCOLLECT, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 16th day of July 2024.

Respectfully Submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*